

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Marcus Cosey | ) | Docket No. 2017-01-0053 |
| | ) | |
| v. | ) | State File No. 58146-2016 |
| | ) | |
| Jarden Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Hendrick, Judge | ) | |

---

**Affirmed and Certified as Final – Filed January 15, 2019**

---

The employee suffered crush injuries to his left middle and ring fingers for which he received authorized medical treatment provided by the employer. Following the termination of his employment for reasons unrelated to his injuries, the employee filed a petition seeking temporary and permanent disability benefits and requested an expedited hearing. Subsequent to scheduling an expedited hearing, the trial court canceled the hearing and scheduled a trial as a result of the employee's failure to comply with regulations concerning submittals to be made prior to the expedited hearing. The employer thereafter filed a motion for summary judgment, relying, in part, on the reports of the authorized treating physician, which indicated the employee had reached maximum medical improvement and had not sustained a permanent impairment. The trial court granted the employer's motion for summary judgment and dismissed the employee's case with prejudice. The employee has appealed, but failed to make any meaningful argument on appeal to indicate how the trial court may have erred. We affirm the trial court's order and certify it as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Marcus Cosey, Harrison, Tennessee, employee-appellant, pro se

Catheryne Grant, Nashville, Tennessee, for the employer-appellee, Jarden Corporation

1

**Factual and Procedural Background**

Marcus Cosey ("Employee") was employed by Jarden Corporation ("Employer") when he suffered crush injuries to his left middle and ring fingers on July 3, 2016. Employer accepted the claim and provided Employee with medical treatment. On November 28, 2016, the authorized physician, Dr. Jason Rehm, returned Employee to unrestricted work and released him from his care to follow up as needed, stating Employee's healing had been "typical for this injury" and there was "no impairment."

Employee filed a petition seeking further benefits in early 2017. In August 2017, Employer filed a motion to dismiss Employee's case due to Employee's failure to prosecute his claim. In October 2017, the trial court dismissed the case without prejudice as a result of Employee's failure to comply with the court's order compelling discovery. The following month, Employee filed a new petition seeking additional medical care and permanent disability benefits.

Following an unsuccessful mediation, a Dispute Certification Notice was filed that identified the disputed issues as temporary and permanent disability benefits. Employee requested an expedited hearing, which the trial court scheduled. Thereafter, Employer moved to cancel the expedited hearing, requesting a trial on the merits instead based upon Employee's failure to comply with the rules and regulations of the Bureau of Workers' Compensation concerning submittals to be made in advance of the expedited hearing. The trial court granted the motion, noting that (1) Tennessee Code Annotated section 50-6-239(d)(1) (2017) limited the issues that can be decided at an expedited hearing to those concerning the provision of temporary disability and medical benefits, which would not allow the court to address Employee's claim for permanent disability benefits, and (2) Dr. Rehm had released Employee to return to work without restrictions and had indicated Employee had no impairment. The trial court set the case for trial.

Employer filed a Form C-32 Standard Form Medical Report ("Form C-32") accompanied by a Form C-30A Final Medical Report ("Form C-30A"), both of which were signed by Dr. Rehm. Relying primarily on these documents, Employer filed a motion for summary judgment. The Form C-32 stated that the employment activity, more likely than not, was primarily responsible for Employee's injury or need for medical treatment and that Employee's injury "more probably than not" arose out of the employment. In addition, it indicated Dr. Rehm thought that Employee did not have a permanent medical impairment as a result of the work injury; that Employee was able to return to work without restrictions on November 28, 2016; and that Dr. Rehm did not anticipate the need for future medical treatment for Employee's injury.

Employer's motion for summary judgment asserted that the undisputed facts negated essential elements of Employee's claim for benefits. It asserted Employee had reached maximum medical improvement but was not entitled to permanent disability

benefits because he had been released by Dr. Rehm with no permanent impairment. It asserted Employee had been paid all of the temporary disability benefits due him, and that no additional medical benefits were owed because Dr. Rehm had indicated he did not anticipate Employee would require further medical treatment for the work injury. As additional support for Employer's assertion that no further medical care was needed, Employer submitted the affidavit of Employer's claims representative who stated there were "no outstanding medical orders or treatment recommendations."

Employee, acting in a self-represented capacity, filed a letter in response to the motion for summary judgment wherein he asserted Dr. Rehm made "false statements regarding [his] case," and he requested Dr. Rehm's statement "be stricken." Employee alleged in the letter that Dr. Rehm was not his treating physician and that he had "never been seen by Dr. Jason Rehm for [his] hand injury." Employee's letter, however, did not comply with the requirements of Tennessee Rule of Civil Procedure 56. He did not file sworn affidavits or other documentary evidence indicating there was a genuine issue of material fact for trial.

After hearing arguments on Employer's motion for summary judgment, the trial court concluded that Employer met its burden of negating an essential element of Employee's claim for "medical, temporary disability, and permanent disability benefits." The trial court further concluded that Employee "failed to produce any medical proof . . . of permanent impairment, entitlement to temporary disability benefits, or the need for further treatment," and it granted Employer's motion for summary judgment and dismissed the case "with prejudice to refiling." Employee has appealed. For the reasons that follow, we affirm the trial court's grant of summary judgment and certify it as final.

### Standard of Review

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

### Analysis

Employee is self-represented in this appeal, as he was in the trial court. He submitted a handwritten letter in support of his appeal, which we accepted as his brief. In

the letter, Employee requested that Dr. Rehm's "medical report be removed" from his file and that he "be compensated for" his work injury "and future care."

However, Employee has failed to make any meaningful argument describing how the trial court erred in granting Employer's motion for summary judgment or dismissing his claims with prejudice. Employee's letter does not cite any authority or explain how the trial court's analysis is incorrect. "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Moreover, when an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to search the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

We note, however, there is no dispute that Employee suffered a compensable injury. Indeed, the documents Employer filed in support of its motion for summary judgment indicate Employee's injury more probably than not arose out of the employment. Nonetheless, we are unable to address the appropriateness of the trial court's dismissal of Employee's case with prejudice, thereby concluding his right to reasonable and necessary future medical care, due to his failure to raise any issues on appeal. "The adversarial system of justice is premised on the idea that 'appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.'" *Malmquist v. Malmquist*, No. W2007-02373-COA-R3-CV, 2011 Tenn. App. LEXIS 144, at *37 n.21 (Tenn. Ct. App. Mar. 25, 2011) (quoting *State v. Northern*, 262 S.W.3d 741, 767 (Tenn. 2008) (Holder, J., concurring in part and dissenting in part)).

## Conclusion

Accordingly, the trial court's order granting summary judgement and dismissing Employee's case is affirmed, and the trial court's order is certified as final.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Marcus Cosey | ) | Docket No.  2017-01-0053 |
| | ) | |
| v. | ) | State File No.  58146-2016 |
| | ) | |
| Jarden Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of January, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Marcus Cosey | | X | | | X | 5828 Pine Lake Drive Harrison, TN 37341; macolicious30@gmail.com marcuscosey@gmail.com |
| Catheryne Grant | | | | | X | catherynelgrant@feeneymurray.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth  M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov